UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ELBERT BONNER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16CV20 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for supplemental security income under Title XVI of the Social Security Act (Act), 42 U.S.C. §§1381, *et seq.* For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On April 22, 2015, Administrative Law Judge Bradley L. Davis conducted a video hearing at Hannibal, Missouri. Plaintiff appeared in person and the Vocational Expert, Janice Weaver, appeared by phone.

Plaintiff was born on January 3, 1965, and was 50 years old at the time of the hearing. Plaintiff resides by himself, albeit with relatives and friends between St. Louis and Hannibal, and is a widower. Plaintiff completed high school through receipt of his GED.

Plaintiff has prior work experience as a unit leader in a factory that produced Dove soap. He also has work experience at Beth Haven as a CNA. He also had a position at Unilever for a brief period, although the testimony did not reflect what duties he performed at that employer. His last work experience, in 2013, was that of the unit leader manufacturing and producing Dove.

Examination by the counsel for Plaintiff disclosed that he had two strokes in 2013. One occurred in May and a second occurred in August. As a consequence of the strokes Plaintiff testified that both sides of his body were affected and the second stroke, the right side, has demonstrated the most severe impact. The testimony shows that the Plaintiff was partially blinded, lost peripheral vision on the right side of both eyes. He describes this as an inability to see the right side of objects. It also left him with hyperesthesia, which causes constant pain. Testimony also revealed Plaintiff has suffered from Bell's palsy since 2010, and he asserts the strokes aggravated that condition.

Plaintiff does not use a cane in walking but does use a walker from time to time to assist in balance, especially if he is walking three or four blocks. When he walks he experiences great pain and discomfort under the right foot.

Counsel for Plaintiff also elicited testimony that Plaintiff has difficulty sleeping due to the pain, as well as difficulty getting undressed. There was also testimony that Plaintiff feels pain, as described, when lifting but it does not affect the amount of weight he can lift.

The ALJ also heard testimony that the Plaintiff has difficulty remembering things over short periods. An example offered was relating to cooking and that it might not be unusual for him to forget he has something in the oven or on the stove.

There was testimony from Janice Weaver, the Vocational Expert. Weaver testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles. Based upon all of those considerations and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded there were jobs at the light work level available for Plaintiff as an assembler, small products II, folding machine operator in the clerical industry, garment sorter in the garment industry, reel assembler, and laborer, stores jobs.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on February 2, 2016. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts, by focusing on his physical functionality, that the specific issue in this case is whether the ALJ properly considered the evidence in reaching his RFC finding.

**Standard for Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate

area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id...* At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior

work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints.

*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the Court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the application date of May 15, 2013. The ALJ found at Step Two that Plaintiff had the severe impairments of history of cerebral vascular accident (CVA), Bell's Palsy, chronic kidney disease, degenerative joint disease of the shoulder and vision deficit in the right eye.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work, except Plaintiff should avoid hazards such as unprotected heights or dangerous machinery: he should not work on ropes, ladders or scaffolds: he can occasionally balance and climb stairs. He can perform simple routine tasks. He is unable to drive or operate heavy equipment. He cannot perform jobs where peripheral vision is required.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the

Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the Court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a Court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

### I. Is There Substantial Evidence in Support of the ALJ's RFC Finding?

Plaintiff asserts the ALJ did not properly assess his RFC. Plaintiff puts forth the argument that the record as a whole puts forth a more limited RFC. An entire review of the record and the decision of the ALJ confirm that Plaintiff has not established an error in the ALJ's analysis that requires remand. *See Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion."). "As long as substantial evidence in the record supports the Commissioner's decision, [the Court] we may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

A review of the record demonstrates the sufficiency and appropriateness of the ALJ decision and his review and recitation of limitations that he noted. Substantial evidence supports the ALJ's decision that Plaintiff simply did not meet his burden to prove a disabling RFC. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) ("'[T]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five [of the sequential evaluation process].'") (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)).

The ALJ reviewed Plaintiff's medical history and Plaintiff's symptoms as well as the extent to which his alleged symptoms were consistent with the other record evidence. *See* 20 C.F.R. §§ 404.1529, 416.929 ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.").

The ALJ reviewed and noted the objective medical evidence relating to Plaintiff's medical claim and gave numerous sufficient reasons, supported by substantial evidence supporting his conclusion, that Plaintiff's allegations of disabling limitations were not supported by the record. *See Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016) ("Credibility determinations are the province of the ALJ, and as long as good reasons and substantial evidence support the ALJ's evaluation of credibility, we will defer to her decision.").

Plaintiff seems to rely on Dr. Evans for support of his position regarding this review, but much of Dr. Evans' observations and notations are inconsistent with the Plaintiff's statements. During appointments between February 2014 and February 2015 Evans noted that Plaintiff walked without difficulty and had equal grip strength. In addition, Plaintiff did not report pain to Evans until half a year after his initial engagement for treatment. The ALJ reasonably concluded that these results did not support Plaintiff's allegations of disabling pain and dysfunction. *See*

*Turpin v. Colvin,* 750 F.3d 989, 993 (8th Cir. 2014) (A court defers to the ALJ's evaluation of the claimant's allegedly disabling symptoms "provided that this determination is supported by good reasons and substantial evidence."). In addition, s*ee Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."). Rather, an ALJ has the duty to formulate the RFC based on all of the relevant, credible evidence of record. *See Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) ("Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)). The ALJ in this case properly discussed the medical evidence and demonstrated how it was inconsistent with Plaintiff's allegations of disabling limitations.

Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 4th day of August, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE